UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America, ) | Cr. No.: 7:12-cr-00631-GRA-1 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Richard Jody Silvers, ) | (Written Opinion) |
| ) | |
| Defendant. ) | |
| _____) | |

This matter comes before the Court on Defendant Richard Jody Silvers' ("Defendant") motion pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure to correct and reduce his sentence because of a clear error. Defendant also brings a motion under Rule 35(b) of the Federal Rules of Criminal Procedure to reduce his sentence for alleged unrewarded substantial assistance he provided to the government. For the reasons stated herein, this Court denies Defendant's motions.

## Background

On November 19, 2012, Defendant pled guilty to conspiracy to possess with intent to distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. ECF No. 102. Subsequently, on March 6, 2013, this Court sentenced Defendant to a total term of 175 months imprisonment and three (3) years of supervised release. ECF No. 151. Defendant filed the present motion on March 19, 2013.[1]

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

## Standard of Review

Defendant brings these motions *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

## Discussion

A.  *Rule 35(a) Motion*

Defendant first moves under Rule 35(a) of the Federal Rules of Criminal Procedure for the Court to correct his sentence because of allegedly clear errors that occurred in calculating his sentence. Specifically, Defendant asserts that the Court and the Probation Officer committed clear error by giving Defendant three criminal history points for a conviction outlined in paragraph 59 of the Presentence Investigation Report because he claims that the conduct was part of the instant federal offense. Defendant also claims that it was clear error to give him a two level increase pursuant to U.S.S.G. § 3B1.1for his aggravating role in the conspiracy due to him being an organizer or leader. Each of these alleged errors were also objections made to the Presentence Investigation Report by Defendant which the Court considered and overruled at his sentencing.

Rule 35(a) of the Federal Rules of Criminal Procedure states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). The scope of Rule

35(a) is "extremely narrow," and courts are limited in their authority to correct a sentence under this rule. *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009). Moreover, a sentence can only be amended under Rule 35(a) within fourteen days from the judgment. *United States v. Shank*, 395 F.3d 469–70 (4th Cir. 2005); see *United States v. Wisch*, 275 F.3d 620, 626 (7th Cir. 2001) ("[T]he motion must be *ruled on* by the district court within [fourteen] days, not simply *filed with* the clerk of court during that time."). Otherwise, a court lacks jurisdiction to amend the sentence. *Id.*

Here, Defendant was sentenced by this Court on March 6, 2013. ECF No. 151. The fourteen-day period for the Court to amend the sentence has passed. Accordingly, the Court lacks jurisdiction to amend the sentence, and Defendant's Rule 35(a) motion must be denied.

B.   *Rule 35(b) Motion*

Defendant also brings a motion under Rule 35(b) of the Federal Rules of Criminal Procedure to reduce his sentence for alleged unrewarded substantial assistance he provided to the government

It is well-settled that the decision to file a Rule 35(b) motion is a matter generally left to the government's discretion. See Fed. R. Crim. P. 35(b); *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993). However, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade v. United States*, 504 U.S. 181, 185–86 (1992). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a

remedy or even to discovery or an evidentiary hearing." *Id.* at 186. A defendant must make a "substantial threshold showing" of improper motive on the part of the government. *Id.*

Defendant does not allege or claim that the government relies on bad faith, improper, or unconstitutional motives in refusing to make a Rule 35(b) motion to reduce defendant's sentence. He merely asserts that he has provided substantial assistance by participating in police investigations. Therefore, he has not made the required "substantial threshold showing." As the government has filed no motion in this matter, this Court is unable to grant a reduction at this time.

**IT IS THEREFORE ORDERED** that Defendant's motion to correct his sentence under Rule 35(a) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's motion for a reduction in his sentence under Rule 35(b) is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

April  18 , 2013
Anderson, South Carolina